```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,
                                      MEMORANDUM AND ORDER
          -against-              00-CR-20, 02-CR-1356 (DRH)

ISAAC TOUSSIE,

               Defendant.
------------------------------X
A P P E A R A N C E S:

For the Government:
    Roslynn R. Mauskopf
    United States Attorney
    610 Federal Plaza
    Central Islip, New York  11722-4454
      By:  Geoffrey R. Kaiser, A.U.S.A.

For Defendant:
    Gerald L. Shargel, Esq.
    Henry E. Mazurek, Esq.
    570 Lexington Avenue, 16th Floor
    New York, New York, 10022
```

HURLEY, District Judge

Pending before the Court is an application by defendant Isaac Toussie ("defendant" or "Toussie") for an order pursuant to 18 U.S.C. § 3583(e)(1) for early termination of his term of supervised release. The application is opposed by both the Probation Department and the United States Attorney.

1. <u>Background and Defendant's Contentions</u>

Toussie pled guilty on May 24, 2001 to a single count information (Docket # 00-CR-20), which charged him with causing false statements to be made in connection with mortgage applications submitted to the United States Department of Housing

and Urban Development ("HUD") in violation of 18 U.S.C. § 1001. Toussie thereafter entered a guilty plea to a second felony information (Docket # 02-CR-1356) on December 10, 2002, which charged him with mail fraud in violation of 18 U.S.C. § 1341 relating to Suffolk County's purchase of a parcel known as the Chandler Estate.

Toussie entered into a written plea agreement with the government pursuant to Rule 11(c)(1)© of the Fed. R. of Crim. P. under which, subject to the Court's approval, the sentence imposed for both felony convictions was to be, inter alia, "5 months incarceration, 5 months home detention, [to be followed by] 3 years supervised release." (Dec. 10, 2002 Plea Agreement, ¶ 3.) The Court imposed the agreed-upon sentence on September 22, 2003.

I am advised by defense counsel that defendant has completed the incarceration and home detention portions of his sentence, as well as one year of supervised release as of May 15, 2005. By Notice of Motion and supporting Memorandum of Law, both dated May 17, 2005, defendant argues that his

> "personal history and conduct both before his guilty plea to the offense conduct described above and his conduct over the past two years, including his time in custody, gives sufficient justification for this Court to exercise its discretion and terminate Mr. Toussie's supervised release term at this time. The interests of justice are best served by conserving the resources of the

-2-

> United States Probation Department because
> Mr. Toussie has shown by his recent conduct
> that he is not a likely candidate to appear
> ever again before this Court."

(Def.'s Mem. Supp. at 3-4.)

2. <u>Discussion</u>

Section 3583(e) provides in pertinent part:

> The court may, after considering the factors
> set forth in section 3553(a)(1), (a)(2)(B),
> (a)(2)©, (a)(2)(D), (a)(4), (a)(5), (a)(6),
> and (a)(7)—
>
>   (1) terminate a term of supervised release
> and discharge the defendant released at any
> time after the expiration of one year of
> supervised release, pursuant to the
> provisions of the Federal Rules of Criminal
> Procedure relating to the modification of
> probation, if it is satisfied that such
> action is warranted by the conduct of the
> defendant released and the interest of
> justice.

(18 U.S.C. § 3583(e)(1).)

The Court has reviewed the portions of § 3553(a) referenced in § 3583(e) in conjunction with the materials submitted by defendant in support of his application. Many of those same factors were considered by the Court when sentence was imposed. <u>See generally</u> <u>United States v. Lussier</u>, 104 F.3d 32, 34-35 (2d Cir. 1997). As noted by defense counsel, "the Probation Department, in Mr. Toussie's Presentence Report expressly stated in the section entitled, 'Factors That May Warrant Departure,' that Mr. Toussie's case may be appropriate

for a downward departure by not imposing <u>any</u> supervised release." (Def.'s Mem. Supp. at 18 [citations deleted].) The Court, however, declined the option of no supervised release and included within the sentence the "3 years supervised release" provision of the plea agreement. (Dec. 10, 2002 Plea Agreement, ¶ 3.) During the sentencing, the Court stated that defendant "has a number of facets to his personality. What he did in this case is very troubling. . . . [b]ut he also apparently has another side which is very generous and caring, and that we see in the numerous letters that have been furnished to the court." (Sept. 18, 2003 Transcript of Sentencing Proceeding at 15.)

The "generous and caring" aspect of defendant's personality was evidenced by multiple letters and other documents that were submitted on his behalf at the time of sentence. (<u>See</u> July 18, 2001 Probation Dept. Mem. ["Attached please find letters of gratitude from the above captioned defendant's former customers and letters outlining his charitable acts"].) Similar materials have been submitted in support of the current application supplemented by, among other things, information detailing how he "utilized his five months in custody to help those less fortunate than him." (Def.'s Mem. Supp. at 10.) The Court welcomes the news that defendant's good works have continued unabated, if not increased, during the period of his incarceration and thereafter.

Nonetheless, the negative, self-destructive aspects of defendant's personality that helped to bring about his felony convictions counsel against granting the requested relief. Not only do considerations of general deterrence favor that result, but continued supervision will serve to protect the public, while assisting the defendant, by lessening the likelihood that he will revert to criminal lapses in judgment in the marketplace. The fact that defendant is no longer suspended "from further participation as a participant or principal with HUD" (Ex. C to Def.'s Not. Motion), heightens, rather than lessens the Court's concern about recidivism should supervised release be terminated prematurely.

Simply put, the Court is not satisfied that the relief requested is warranted by the conduct of the defendant nor consistent with the interests of justice.

3. Conclusion

For the reasons indicated, the Court, in the exercise of its discretion, declines to grant the requested relief.

SO ORDERED.

Dated: August 29, 2005
       Central Islip, New York


                                       _____/S/_____
                                       DENIS R. HURLEY, U.S.D.J.

-5-